Alexander R. Kalyniuk
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044
Office: (202) 616-3309
Fax:     (202) 514-6866
Email:  Alexander.R.Kalyniuk@usdoj.gov

*Counsel for the United States of America*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>          Plaintiff,<br><br>          v.<br><br>**SILAGY CONTRACTING, LLC**, and<br>614 Old Post Road<br>Edison, New Jersey 08817-4863<br><br>**ROBERT C. SILAGY**,<br>2421 Lake Drive<br>Forked River, New Jersey 08731-5730<br><br>          Defendants. | Case No.: 2:20-cv-00435 |

## COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF

This is a civil action brought by plaintiff the United States of America (the "**United States**") against Defendants Silagy Contracting, LLC, and its sole member, Robert C. Silagy, to enjoin the Defendants from continuing their long-standing practice of failing to withhold or pay to the United States Treasury payroll taxes associated with the wages paid to employees of Silagy Contracting, LLC.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1340, and 1345 and 26 U.S.C. § 7402(a).

2. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396 because Defendant SCL is located and has its principal place of business in this District, because Defendant Robert C. Silagy is domiciled in this District, and because a substantial part of the events and/or omissions giving rise to the claim for injunctive relief occurred in this District.

## PARTIES

3. Plaintiff is the United States of America.

4. Defendant Silagy Contracting, LLC ("**SCL**"), a New Jersey limited liability company, is a construction, demolition, wrecking, and landscaping company with a principal place of business located at 614 Old Post Road, Edison, New Jersey 08817-4863. During the relevant tax periods, SCL and Robert Silagy were responsible for withholding and paying employment and unemployment taxes for SCL's employees.

5. Defendant Robert C. Silagy ("**Silagy**" and collectively with SCL, the "**Defendants**") is the sole member of SCL and, upon information and belief, resides at 2421 Lake Drive, Forked River, New Jersey, 08731-5730.

## LEGAL FRAMEWORK

6. In order to conduct its business, SCL employs a staff of employees and pays wages to its employees. Accordingly, SCL is required by law to:

    a. withhold its employees' federal income and Federal Insurance Contributions Act ("**FICA**") taxes, and pay over to the Internal Revenue Service ("**IRS**") those withholdings, along with SCL's own FICA and Federal Unemployment Tax Act ("**FUTA**") taxes, *see* 26 U.S.C. §§ 3102, 3111, 3301 and 3402;

      b.    make periodic deposits of the withheld federal income, Social Security, and Medicare taxes, as well as its respective share of employment taxes, in an appropriate federal depository bank in accordance with applicable Treasury Regulations, *see* 26 U.S.C. §§ 6302 and 6157; and 26 C.F.R. § 31.6302-1; and

      c.    file with the IRS its Employer's Quarterly Federal Tax Returns (Forms 941) and annual Employer's Federal Unemployment Tax Act Returns (Form 940), *see* 26 U.S.C. § 6011; 26 C.F.R. § 31.6071(a)-1.

7.    Under Section 7501(a) of the Internal Revenue Code, the federal employment taxes that SCL was required to withhold, collect, and pay over to the United States during the taxable periods described below were deemed by operation of law to have been held in "a special fund in trust for the United States," and were not to be used for any other purposes, including the business operations of SCL. *See* 26 U.S.C. § 7501(a).

## FACTUAL BACKGROUND

*A.    SCL's Predecessor Failed to Pay its Federal Employment Tax Liabilities.*

8.    Prior to forming SCL, Silagy owned and/or operated its predecessor, Silagy Landscaping, Inc.

9.    According to Silagy Landscaping, Inc.'s Chapter 11 Petition, Silagy was the president of Silagy Landscaping, Inc. *See Chapter 11 Petition* (Bankr. D.N.J. Case No. 08-11375, Docket No. 1).

10.    On January 27, 2008, Silagy Landscaping, Inc. filed for Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the District of New Jersey (Bankr. D.N.J. Case No. 08-11375).

11.    According to its Chapter 11 Petition, Silagy Landscaping, Inc. had failed to pay its federal employment taxes liabilities and identified the IRS as its largest unsecured creditor with a claim

of at least **$213,480.32**. *See Chapter 11 Petition* (Bankr. D.N.J. Case No. 08-11375, Docket No. 1, Page 1).

12. The IRS filed several proofs of claim in Silagy Landscaping, Inc.'s bankruptcy case for its delinquent federal employment taxes (Form 941) for the tax periods that ended between March 31, 2005 and December 31, 2008, which liabilities were much larger than estimated by the Debtor on its Chapter 11 Petition and totaled approximately **$368,000.00**. The IRS also filed administrative claims for unpaid post-petition employment taxes.

13. On or about October 1, 2009 — during the pendency of the Silagy Landscaping, Inc. bankruptcy case — SCL was incorporated under the laws of New Jersey as a limited liability corporation.

14. On November 11, 2009, Silagy Landscaping, Inc.'s Chapter 11 bankruptcy case was converted to a Chapter 7 bankruptcy case, thereby liquidating and dissolving the corporate entity known as Silagy Landscaping, Inc.

  B. *SCL's Unpaid Federal Employment Tax Liabilities.*

15. As shown in Paragraph 17, *infra*, from 2010 through 2019, SCL operated its landscaping business and had employees, but failed to collect and pay **$842,513.60** in federal employment taxes. The above-mentioned amount is in addition to the nearly **$368,000.00** that SCL's predecessor landscaping business (Silagy Landscaping, Inc.) failed to pay for the earlier tax periods of 2005 through 2008.

16. Upon information and belief, SCL continues to operate and flout its federal employment tax obligations as of the date of filing of this action.

17. Based upon SCL's quarterly federal tax returns (Form 941) and annual federal tax returns (Form 944), a delegate of the Secretary of Treasury assessed the following federal employment taxes against SCL:

| Type of Tax | Tax Period | Date of Assessment | Amount of Assessment | Unpaid Balance as of 01/06/2020[1] |
|---|---|---|---|---|
| WT – FICA (Form 944) | 12/31/2010 | 03/14/2011 | $52,598.60 | $30,494.09 |
| WT – FICA (Form 941) | 03/31/2011 | 03/19/2012 | $7,190.99 | $13,459.11 |
| WT – FICA (Form 941) | 06/30/2011 | 05/07/2012 | $16,148.97 | $35,405.17 |
| WT – FICA (Form 941) | 09/30/2011 | 05/07/2012 | $14,626.86 | $30,858.24 |
| WT – FICA (Form 941) | 12/31/2011 | 03/26/2012 | $17,165.86 | $28,340.53 |
| WT – FICA (Form 941) | 03/30/2012 | 06/25/2012 | $2,941.12 | $5,147.05 |
| WT – FICA (Form 941) | 09/30/2012 | 02/18/2013 | $3,220.86 | $5,906.34 |
| WT – FICA (Form 941) | 06/30/2013 | 03/17/2014 | $12,873.11 | $20,309.74 |
| WT – FICA (Form 941) | 09/30/2013 | 01/13/2014 | $12,543.37 | $19,791.39 |
| WT – FICA (Form 941) | 12/31/2013 | 04/21/2014 | $10,718.62 | $18,848.21 |
| WT – FICA (Form 941) | 03/31/2014 | 07/07/2014 | $14,623.09 | $17,444.95 |
| WT – FICA (Form 941) | 06/30/2014 | 09/22/2014 | $21,460.86 | $35,907.23 |
| WT – FICA (Form 941) | 09/30/2014 | 01/05/2015 | $29,118.50 | $51,679.11 |
| WT – FICA (Form 941) | 12/31/2014 | 07/13/2015 | $21,693.95 | $38,533.53 |
| WT – FICA (Form 941) | 06/30/2015 | 09/21/2015 | $23,653.62 | $31,783.40 |
| WT – FICA (Form 941) | 09/30/2015 | 02/22/2016 | $53,133.62 | $87,923.65 |
| WT – FICA (Form 941) | 12/31/2015 | 05/23/2016 | $39,436.75 | $57,924.88 |
| WT – FICA (Form 941) | 06/30/2016 | 01/16/2017 | $29,378.57 | $15,391.88 |

---

[1] This amount is inclusive of interest and penalties as of that date. The United States seeks interest and penalties accruing after that date as provided by law.

| Type of Tax | Tax Period | Date of Assessment | Amount of Assessment | Unpaid Balance as of 01/06/2020 |
|---|---|---|---|---|
| WT – FICA (Form 941) | 09/30/2016 | 01/16/2017 | $31,437.57 | $24,873.39 |
| WT – FICA (Form 941) | 12/31/2016 | 04/03/2017 | $25,665.35 | $10,106.48 |
| WT – FICA (Form 941) | 03/31/2017 | 07/10/2017 | $14,669.02 | $1,190.50 |
| WT – FICA (Form 941) | 06/30/2017 | 10/09/2017 | $25,769.24 | $16,386.57 |
| WT – FICA (Form 941) | 09/30/2017 | 01/15/2018 | $38,724.96 | $58,905.17 |
| WT – FICA (Form 941) | 12/31/2017 | 04/23/2018 | $32,404.90 | $37,892.44 |
| WT – FICA (Form 941) | 03/31/2018 | 05/28/2018 | $21,264.76 | $915.85 |
| WT – FICA (Form 941) | 06/30/2018 | 11/18/2019 | $28,026.30 | $12,542.29 |
| WT – FICA (Form 941) | 09/30/2018 | 04/22/2019 | $41,721.15 | $39,353.75 |
| WT – FICA (Form 941) | 12/31/2018 | 05/13/2019 | $32,682.75 | $44,264.69 |
| WT – FICA (Form 941) | 03/31/2019 | 06/24/2019 | $25,167.00 | $638.54 |
| WT – FICA (Form 941) | 06/30/2019 | 10/07/2019 | $31,781.08 | $11,077.20 |
| WT – FICA (Form 941) | 09/30/2019 | 1/06/2020 | $41,176.70 | $39,218.23 |
|  |  | **Total:** | **$773,018.10** | **$842,513.60** |

18. Despite notice and demand for payment of the assessments set forth in Paragraph 17, Defendant SCL has neglected or refused to make full payment of those assessments to the United States.

19. As of January 6, 2020, SCL is indebted to the United States for unpaid federal employment taxes and statutory additions to tax in the total amount of **$842,513.60**, plus statutory interest and penalties accruing after that date according to law.

20. The IRS has been attempting to bring SCL into compliance with its employment tax deposit and payment obligations since at least October 29, 2014. The IRS's administrative efforts have included:

    a. making tax assessments against SCL for unpaid federal employment taxes and sending notices and demands for payment;

    b. recording notices of federal tax liens against SCL with respect to those unpaid federal employment taxes;

    c. attempting to levy upon SCL's bank accounts and accounts receivables, which resulted the IRS receiving insufficient funds to satisfy the tax liabilities; and

    d. delivering an IRS Letter 903 and Notice 931 to SCL on or about March 3, 2018, which placed SCL on notice that if it continued to fail to comply with its employment tax obligations, then the government would consider filing an action for an injunction compelling SCL to pay its federal employment tax liabilities.

21. These IRS administrative efforts to collect the federal employment taxes owed by SCL have not resulted in its compliance with its federal employment tax deposit and payment obligations. Thus, SCL has continually failed to meet its federal employment tax liabilities, perpetually increasing (or, "**pyramiding**") these liabilities.

### COUNT I: INJUNCTION AGAINST SILAGY CONTRACTING, LLC AND ROBERT C. SILAGY PURSUANT TO 26 U.S.C. 7402(A)

22. The United States re-incorporates the allegations stated in Paragraphs 1 through 21 as if fully set forth herein.

23. Under 26 U.S.C. § 7402(a), this Court may issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws.

24. Defendants SCL and Silagy have substantially interfered, and continue to substantially interfere, with the internal revenue laws by persistently failing to: (a) comply with SCL's employment tax obligations as required by 26 U.S.C. §§ 3102, 3111, 3301, and 3402; and (b) make employment tax deposits as required by 26 U.S.C. §§ 6302, 6157 and 26 C.F.R. §§ 31.6302-1, 31-6302(c)-1, 3.

25. The IRS has attempted to use administrative means to obtain SCL's compliance with its employment tax obligations and to collect unpaid employment taxes owed by SCL. However, those administrative efforts have been unsuccessful.

26. Despite having been made aware of their tax obligations, the Defendants have continued to disregard those obligations and to accrue more unpaid employment tax liabilities.

27. A mandatory injunction by this Court ordering the Defendants to comply with their federal employment tax obligations is necessary and appropriate for the enforcement of the internal revenue laws and to prevent future, continued violations, as the Defendants continue to flout the federal tax laws and accrue additional unpaid federal employment tax liabilities.

28. Absent court intervention, the United States lacks an adequate legal remedy to prevent Defendants SCL and Silagy from continuing to evade SCL's employment tax obligations. An injunction against Defendants SCL and Silagy is appropriate and necessary to prevent those Defendants from continuing to interfere with the internal revenue laws.

29. The United States has suffered and is continuing to suffer irreparable harm as a result of Defendants SCL's and Silagy's continued violation of federal law, including but not limited to:

    a. the loss of tax revenue, including the loss of SCL's employees' FICA and income taxes for which the employees already have received credit;

    b. the drain on limited IRS resources caused by the Defendants' continued noncompliance with the law; and

    c. the harm to the tax system as a whole by undermining public confidence in the federal tax system and encouraging widespread violation of the internal revenue laws.

30. The balance of the hardships tips in favor of the United States as the United States' injuries outweigh the harm to the Defendants if an injunction is entered against them, as the Defendants will merely be compelled to comply with federal law by making timely employment tax deposits.

31. An injunction against the Defendants SCL and Silagy would serve the public interest. The efficacy of the federal tax system relies on employers to comply voluntarily with federal tax laws, by collecting and remitting to the United States Treasury, in a timely manner, all taxes due, without the need for the IRS to initiate enforcement actions. Defendants SCL and Silagy continued failure to pay employment taxes undermines this vital component of the federal tax collection system. Additionally, by unlawfully using for SCL's own business and operating expenses the tax money that should be paid over to the United States Treasury, SCL and Silagy exact an involuntary subsidy from the United States taxpaying public. An injunction would end this inefficient and wasteful use of taxpayer money.

32. In the absence of an injunction, the Defendants are likely to continue to obstruct and interfere with the enforcement of the internal revenue laws to the detriment of the United States.

## PRAYER FOR RELIEF

**WHEREFORE**, the United States respectfully requests that the Court:

A. Find that Silagy Contracting, LLC and Robert C. Silagy have engaged and are engaging in conduct that interferes with the administration and enforcement of the internal revenue laws;

B. Find that injunctive relief under 26 U.S.C. § 7402(a) and the Court's inherent equity powers is necessary and appropriate to prevent Silagy Contracting, LLC and Robert C. Silagy from interfering with the enforcement of the internal revenue laws;

C. Enter an injunction, pursuant to 26 U.S.C. § 7402(a), Fed. R. Civ. P. 65, and the Court's inherent equity powers, ordering that:

1. Silagy Contracting, LLC, and Robert C. Silagy shall cause Silagy Contracting, LLC and any successor entity that they control, to withhold from each employee's paycheck an appropriate amount of income tax and the employee portion of FICA and Medicare taxes;

2. Silagy Contracting, LLC shall, and Robert C. Silagy shall cause Silagy Contracting, LLC and any other employer entity that they control to, timely deposit withheld income, FICA, and Medicare taxes in an appropriate federal depository bank in accordance with federal deposit regulations;

3. Silagy Contracting, LLC shall, and Robert C. Silagy shall cause Silagy Contracting, LLC and any other employer entity that they control to, timely deposit FUTA taxes in an appropriate federal depository bank each quarter in accordance with federal deposit regulations;

4. Robert C. Silagy shall sign and deliver to a designated IRS revenue officer, Candace S. Przygoda at 100 Dey Place, Edison, New Jersey 08817, or to such specific location as the IRS may deem appropriate, on the first day of each month, an affidavit stating that the required federal income taxes, FICA and Medicare taxes, and FUTA taxes were fully and timely deposited for each pay period during the prior month;

5. Silagy Contracting, LLC shall, and Robert C. Silagy shall cause Silagy Contracting, LLC and any other employer entity that they control to, timely file Form 941 employment tax returns and Form 940 unemployment tax returns that come due after the date of the injunction, and Robert C. Silagy shall provide a copy of each filed return to a designated IRS revenue officer, Candace S. Przygoda at 100 Dey Place, Edison, New Jersey 08817, or in such manner as the IRS deems appropriate, within five days of filing;

6. Silagy Contracting, LLC shall, and Robert C. Silagy shall cause Silagy Contracting, LLC and any other employer entity that they control to, timely pay all required outstanding liabilities due on each return required to be filed under the Court's injunction order;

7. Silagy Contracting, LLC and Robert C. Silagy are enjoined from paying other creditors of Silagy Contracting, LLC or from transferring, disbursing, or assigning any money, property, or assets of Silagy Contracting, LLC after the date of the injunction order until after such time as the required deposits described in Paragraphs C-1 and C-2, and any liabilities described in Paragraph C-6, have been paid in full, for any tax period ending after the injunction is issued;

8. Silagy Contracting, LLC and Robert C. Silagy are enjoined from assigning and/or transferring money or property to any other entity to have that entity pay the salaries or wages of Silagy Contracting, LLC's employees, except for a commercial payroll services provider approved in advance by counsel for the United States;

9. Silagy Contracting, LLC and Robert C. Silagy shall permit a representative from the Internal Revenue Service to inspect Silagy Contracting LLC's books and records periodically, with two business days' notice of each inspection;

10. For the five-year period beginning on the date this injunction order is entered, Robert C. Silagy shall notify, in writing, such revenue officer, Candace S. Przygoda at 100 Dey Place, Edison, New Jersey 08817, or to such specific person the IRS designates, if Robert C. Silagy comes to form, incorporate, own, or work in a managerial capacity for another business entity, within five business days of such event. Regardless

of such notification, the preceding Subparagraphs of this Paragraph C shall apply to any employer entity controlled by Robert C. Silagy.

D. Require Silagy Contracting, LLC and Robert C. Silagy to deliver to all of their current employees a copy of the Court's findings and injunction, within 30 days of the date of the injunction order;

E. Retain jurisdiction over this case to ensure compliance with this injunction, including authorizing the United States to take post-judgment discovery to ensure compliance;

F. Order that, if Silagy Contracting, LLC and Robert C. Silagy violate any term of this injunction, then counsel for the United States shall send Defendants written notice of the violation, and Defendants shall have 10 days after notification is sent to cure the violation;

1. A "cure" for the violation includes making a late tax deposit and all accruals on such tax; paying delinquent tax shown on a return and all accruals on such tax; filing a delinquent tax return; and providing a delinquent notification to the designated IRS revenue officer, Candace S. Przygoda at 100 Dey Place, Edison, New Jersey 08817.

2. If counsel for the United States has sent Defendants three separate written notifications for three separate violations, then counsel for the United States shall no longer be obligated to send written notification of a violation.

3. If any violation is not cured within ten days of notification or if, after the third notification followed by cures, the United States becomes aware of a new violation by Silagy Contracting, LLC and Robert C. Silagy, then the United States shall be entitled to file with this Court a motion for an Order to Show Cause why Robert C. Silagy and Silagy Contracting, LLC should not be held in contempt of this injunction and why Silagy Contracting, LLC should not be ordered to cease doing business immediately and why

Robert C. Silagy should not be permanently enjoined from forming, incorporating, or owning another or a successor business entity and from working for any business in any capacity that includes any responsibility for withholding, accounting for, or paying over employment taxes or for filing employment tax returns.

G. Granting the United States such other and further relief as the Court deems just and proper, including costs and attorneys' fees.

DATED: January 14, 2020

**RICHARD E. ZUCKERMAN**
Principal Deputy Assistant Attorney General

/s/ *Alexander R. Kalyniuk*
Alexander R. Kalyniuk
Virginia State Bar Number: 92325
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-3309
Facsimile: (202) 514-6866
E-Mail: Alexander.R.Kalyniuk@usdoj.gov

*Counsel for the United States of America*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
Silagy Contracting, LLC
Robert C. Silagy

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Middlesex County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Alexander R. Kalyniuk
U.S. Department of Justice, Tax Division
P.O. Box 227, Ben Franklin Station, Washington, D.C. 20044

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. § 7402

Brief description of cause:
Injunction under 26 U.S.C. § 7402.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE: 01/14/2020

SIGNATURE OF ATTORNEY OF RECORD
/s/ Alexander R. Kalyniuk

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

[Print]  [Save As...]  [Reset]

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of New Jersey

| | | |
|---|---|---|
| United States of America | ) | |
| *Plaintiff* | ) ) ) | |
| v. | ) | Civil Action No. 2:20-cv-00435 |
| Silagy Contracting, LLC, et al. | ) ) ) | |
| *Defendant* | | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* Silagy Contracting, LLC
614 Old Post Road
Edison, New Jersey 08817-4863

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Alexander R. Kalyniuk
U.S. Department of Justice, Tax Division
Civil Trial Section, Eastern Region
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No. 2:20-cv-00435

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify)*:
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

Print    Save As...    Reset

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of New Jersey

| | | |
|---|---|---|
| United States of America | ) | |
| *Plaintiff* | ) ) ) | |
| v. | ) | Civil Action No. 2:20-cv-00435 |
| Silagy Contracting, LLC, et al. | ) ) ) | |
| *Defendant* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* Robert C. Silagy
2421 Lake Drive
Forked River, New Jersey 08731-5730

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Alexander R. Kalyniuk
U.S. Department of Justice, Tax Division
Civil Trial Section, Eastern Region
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____     _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No. 2:20-cv-00435

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: